# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN R. LOCKE,
    Petitioner,

  v.              Case No.11C0296

WILLIAM POLLARD,
    Respondent.

## ORDER

  This matter is currently before me on petitioner Brian R. Locke's motion to proceed in forma pauperis. Petitioner, currently incarcerated at Green Bay Correctional Institution, is a frequent filer in this court. Pursuant to 28 U.S.C. § 1915(g), petitioner has accrued three "strikes" for filing claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted and thus is not permitted to proceed in forma pauperis in civil actions unless he is in imminent danger of serious physical injury. Locke v. Frank, et al., Case No. 08-1278 at 2 (7th Cir. May 22, 2008). As a result of continuing to file and appeal such matters, the Seventh Circuit has sanctioned him and directed the clerks of all federal courts in this circuit "to return unfiled any papers submitted either directly or indirectly by him or on his behalf." Id. These filing restrictions do not apply to properly filed petitions for habeas corpus under 28 U.S.C. § 2254. Support Sys. Int'l v. Mack, 45 F.3d 185, 186-187 (7th Cir. 1995); Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000). Petitioner has styled his current filing as a habeas petition.

  When determining the character of a pro se filing courts should look to the substance of the filing rather than its label. United States v. Antonelli, 371 F.3d 360, 361

(7th Cir. 2004). This is not a properly filed petition for habeas corpus as petitioner is not challenging the fact or duration of his confinement nor the validity of his convictions. Petitioner's claim is that he lacks the funds necessary to file materials in several cases, that he has exhausted the annual $200 legal loan limit set in Wis. Admin. Code § DOC 309.51(1) and that the respondent warden and others have wrongfully denied his requests for extensions of legal loans. Petitioner seeks damages and an order requiring respondent to grant his requests for legal loans and to allow him to file materials in two different cases.

Petitioner has mislabeled this lawsuit as a habeas case apparently in an attempt to avoid the filing restrictions imposed by § 1915(g) and the Seventh Circuit. However, because it is not a habeas petition, it is civil action to which § 1915(g) applies. See Walker, 216 F.3d at 634 n. 4. And because petitioner is not in imminent danger of physical injury he is barred from proceeding in forma pauperis.

If petitioner pays the filing fee I will give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, likely dismissing it for failure to demonstrate that he is in state custody in violation of the Constitution or laws of the United States. Failure to pay the filing fee within 21 days will result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil L.R. 41(c) of the Local Rules (E.D. Wis. 2001).

**THEREFORE, IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis is **DENIED**. If petitioner does not pay the statutory filing fee of $5 to the Clerk of Court for this district within **21 DAYS** of the date of this order, this action will be dismissed.

Dated at Milwaukee, Wisconsin this 13th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge